IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES MAYLE,   CASE NO. 2:07-cv-585
  JUDGE SMITH
    Petitioner,   MAGISTRATE JUDGE KING

v.

JEFFREY WOLFE,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's motion to dismiss, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

## PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On May 8, 1997, the Morgan County Grand Jury indicted appellant, James D. Mayle, on one count of complicity to convey drugs into a detention facility in violation of R.C. 2921.36. On August 14, 1997, the Morgan County Grand Jury indicted appellant on one count of kidnaping in violation of R.C. 2905.01 and one count of domestic violence with a prior conviction for domestic violence in violation of R.C. 2919.25.
>
> The indictments were joined for trial and a jury trial commenced on December 30, 1997. The jury found appellant guilty as charged. By sentencing entries filed January 20, 1998,

>    the trial court sentenced appellant to a total term of ten years
>    and eleven months in prison.

*State v. Mayle,* 1999 WL 770678 (Ohio App. 5 Dist. September 23, 1999).  On September 23, 1999, the Ohio Court of Appeals for the Fifth Appellate District affirmed petitioner's convictions and sentence. *Id.* Petitioner apparently never filed an appeal of the appellate court's decision to the Ohio Supreme Court.  On July 31, 1998, however, petitioner filed a post conviction petition, which action remained pending until March 28, 2000, when the trial court denied that petition. *See Exhibits 9 and 10 to Motion to Dismiss.* Petitioner apparently never filed an appeal from that decision. On November 22, 2004, petitioner filed a second post conviction petition, which was denied by the trial court on January 18, 2005. *Exhibit 12 to Motion to Dismiss.* Petitioner apparently never filed an appeal from that decision. On March 28, 2006, petitioner filed a third post conviction petition, which the trial court denied on May 8, 2006. *Exhibit 15 to Motion to Dismiss.* The Ohio Court of Appeals for the Fifth Appellate District affirmed that judgment, *Exhibit 22 to Motion to Dismiss* and the Ohio Supreme Court dismissed petitioner's appeal. *See State v. Mayle,* 2006 WL 3423391 (Ohio App. 5 Dist. November 28, 2006); *State v. Mayle,* 113 Ohio St.3d 1489 (2007); *Exhibit 23 to Motion to Dismiss.*

On June 19, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

>    1.  Petitioner's rights under the Sixth Amendment of the
>    United States Constitution were violated as well as [his] 5th and

2

14th Amendment rights to due process and equal protection.

It is the position of the respondent that this action must be dismissed as time-barred.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. §2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on November 7, 1999, *i.e.,* forty-five days after the appellate court's September 23, 1999, dismissal of his direct appeal, when the time period expired to file a timely appeal to the Ohio Supreme Court. At that time, however, his July 31, 1998, post conviction petition was pending before the state trial court. That action tolled the running of the statute of limitations until March 28, 2000, when the trial court dismissed the petition. *See Lawrence v. Florida*, – U.S. –, 127 S.Ct. 1079, 1082 (2007)(statute of limitations is not tolled under 28 U.S.C. 2244(d)(2) for the period during which petitioner could have sought petition for a writ of *certiorari* from state post conviction or collateral action). The statute of limitations expired one year later, on March 28, 2001. Neither petitioner's November 22, 2004, post conviction petition nor his March 28, 2006, post conviction petition tolled the running of the statute of limitations, because the statute of limitations had already long since expired. "The tolling provision does not... 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run ." *Vroman v. Brigano,* 346 F.3d 598, 601 (6th Cir. 2003), citing *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y. 1998); *Winkfield v. Bagley,* 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same). Further, petitioner has failed to allege any extraordinary circumstances that would justify the equitable tolling of the statute of limitations. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003). Therefore, the instant petition, filed on June 16, 2007, more than six years after the statute of limitations had expired, is untimely.

The Magistrate Judge therefore **RECOMMENDS** that this action be **DISMISSED** as time-barred.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

<u>April 25, 2008</u>                                                               <u>    s/Norah McCann King         </u>
                                                                                            Norah McCann King
                                                                                   United States Magistrate Judge

5